WOLF, SAYER & HELLER, Inc., v. U. S. SLICING MACH. CO.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1918.)

No. 2544.

PATENTS ⊙══328—VALIDITY AND INFRINGEMENT—RIND-REMOVING APPARATUS.
    The Nayer and Perkins patent, No. 968,590, for a rind-removing attachment for meat-slicing machines, *held* valid, but not infringed by the device of the Stiles patent, No. 1,028,796.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by Wolf, Sayer & Heller, Incorporated, against the U. S. Slicing Machine Company. Decree for defendant (243 Fed. 410), and complainant appeals. Affirmed.

Max W. Zabel, of Chicago, Ill., for appellant.
Frank T. Brown, of Chicago, Ill., for appellee.

Before BAKER, KOHLSAAT, and EVANS, Circuit Judges.

KOHLSAAT, Circuit Judge. Appellant brought a suit against appellee to enjoin infringement of patent No. 968,590, granted Nayer and Perkins, August 30, 1910. The answer charged invalidity and denied infringement. The trial court sustained the validity, but found no infringement, and dismissed the bill for want of equity. That action is assigned as error.

Both parties are corporations engaged, among other pursuits, in the manufacture of so-called meat-slicing machines. The present suit has to do only with such machines having rind-removing devices associated therewith. Appellee operates under patent No. 1,028,796, granted to E. M. and T. H. Stiles, June 4, 1912. Claim 1 of the patent in suit is mainly relied on by appellant, and may fairly be accepted as typical of the subject-matter in contest. It reads as follows, viz.:

1. A device of the class described, comprising a suitable table, a rotary slicing blade mounted to reciprocate on said table, means for reciprocating said blade, means for rotating said blade, a knife mounted to reciprocate with said rotary blade and adapted to cut off a slice from the bacon rind, and means for regulating the thickness of the slices, substantially as described.

---

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The two patents were copending in the Patent Office for seven months and not placed in interference. The results of both may be attained by hand. In both the advance upon the prior art consists mainly in the provision made for the separating of rind from the slice of bacon or other rind-bearing sliceable substance at practically the same time as the slicing of the bacon itself is accomplished, operating in rigid relation to the movement of the slicing wheel; that of the patent in suit following the slicing act, and that of defendant slightly preceding the action of the slicer. In the patent in suit the cutting wheel and the rind knife operate on the table. Defendant's device operates alongside of the table and slightly below it. Appellant's purpose could not be accomplished by allowing its slicing wheel to overhang the table top, as the rind must be held down upon the table top by the action of the cutting edge of the slicer, in order to facilitate the rinding act, thus giving special significance to the question of location of the slicer. Neither slicer, as such, is new. In appellant's device, the slicing wheel rotates and reciprocates; in appellee's the slicing wheel rotates, but does not reciprocate. In the former, the table top is stationary; in the latter, it reciprocates. In the former, the cutting wheel comes to a standstill after each slice is cut and reverses, and, at the end of each journey back to position for resumption of cutting again, stops and reverses, thereby eliminating momentum. Appellee's slicing wheel does not reverse, but gathers momentum so long as the handle is operated. Appellant's device completely severs the slice from the body of the bacon, and the slice from the rind, but does not slice the rind. Appellee's machine cuts the bacon from the rind and body of bacon and slices the rind. The difference in accomplishment of the two necessitates the difference in arrangement thereof. These, together with the fact that the examiner did not deem it necessary to declare them in interference, the presumption arising from the two independent grants, taken in connection with other distinguishing features hereinafter set out, justified the District Court, we think, in finding absence of infringement.

Appellee thought it safer to, and did, go into the question of priority. As we look at it, that was not necessary. In view of the want of infringement, this action by appellee has confused appellant, who deems it a confession of the failure of the defense of noninfringement. We do not so regard it. The field is not wide. Appellant's application is not broadly for a slicing knife in combination with a rind-removing device, when read in the light of the proceedings before the examiner, and the state of the prior art, as exemplified in Feiten patent, No. 734,840, granted July 28, 1903, for a fat-separating machine, and in patent No. 638,238, granted to J. A. and A. M. Haley, December 5, 1899, for a machine for trimming fat from skin, but is for such express invention as appears in the patent, and for such variations and modifications as come within the scope of the claims. If appellant's assignors conceived broadly the idea of slicing and rinding at the same time and by the same movement, which is not intended to be hereby conceded, it failed to appropriate it in such manner as to keep others off of every portion of the premises. We are not impressed by the greatly emphasized fact that the cutting edge of the

knife *15* intersects the cutting plane of the rotary cutting disc knife in both patents. It is a necessary and evident prerequisite to the complete severing of the slice from the mass and from the rind in one movement. Nor are we convinced by the fact that appellee's rinding knife initiates the slicing act, while appellant's completes it. Appellee discovered, probably from the patent in suit after issue, that the latter was limited to a phase of the subject-matter, as distinguished from the whole, and proceeded to attempt, at least, to appropriate the broader idea, as witness, among other matters, claim 12 of patent No. 1,028,796. The defense here is not based on a prior publication. Appellant must rely upon its particular combination. It is not basic to such a degree as to be entitled to include appellee's machine, or claims within its range of equivalents. We are clear that the two patents here involved do not conflict, and that both are valid, and that appellee's device does not infringe.

The decree of the District Court is therefore affirmed.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—RIND-REMOVING ATTACHMENT.